[No. 17002. Department One. March 18, 1922.]

CHAS. RANDALL, *Appellant*, v. SCHOOL DISTRICT No. 44 OF GRAYS HARBOR COUNTY *et al., Respondents.*[1]

SCHOOLS (36)—DISTRICT TAXES—LEVY—ESTIMATES. Under Rem. Code, § 4537, requiring school district trustees to certify an "estimate in detail" of the amount of the levy necessary, a certificate of a ten mill levy "for school purposes" is insufficient to warrant a levy therefor. [See Rem. Comp. Stat., § 4834.]

SAME (23)—SCHOOL BUILDINGS—SUBMISSION TO VOTE. Under Rem. Code, § 4538, authorizing school directors to build school buildings when "directed by a vote of the district so to do," a school building is not authorized by a vote of the district to levy a tax in the maximum amount for "school purposes," the notices of the election having failed to show what, if any, building or buildings would be built. [See Rem. Comp. Stat., § 4835.]

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered August 27, 1921, in favor of the defendants, dismissing an action to cancel a tax and for injunctive relief, tried to the court. Reversed.

*W. H. Abel,* for appellant.

*George Acret, R. A. Lathrop,* and *A. Emerson Cross,* for respondents.

MITCHELL, J.—This action was brought by Charles Randall, as a taxpayer and elector, against school district No. 44, its directors and the treasurer of Grays Harbor county, to cancel that part of the tax against his real estate in the district based upon a special ten mill school levy, and to enjoin the board of directors

[1]Reported in 205 Pac. 748.

from spending money derived from that levy. The superior court denied relief, and this appeal followed.

Upon the arguments in this court, respondents move to strike appellant's brief and abstract of record and dismiss the appeal. We have considered the grounds mentioned therefor, together with the time of presenting the motion and the condition of the record, and are of the opinion the motion should be, and it is, denied.

On the merits, the essential facts are not in dispute. District No. 44 is a school district of the third class. Some time about the first of September, 1920 (the exact date is uncertain), the board of directors of the school district certified to the county commissioners a detailed estimate of the amount of money required in the district during that school year, as follows:

| | | |
|---|---|---|
| 1. Expense of general control | $500.00 |
| 2. Expense of instruction | $4,500.00 |
| 3. Expense of operation of school plant | $3,000.00 |
| 4. Expense of maintenance of school plant | $3,000.00 |
| 5. Expense of auxiliary agencies | $2,000.00 |
| 6. Payment of outstanding warrants and warrant interest | $....... |
| 7. Land | $....... |
| 8. New buildings | $....... |
| 9. Additions to buildings | $....... |
| 10. Equipment of new buildings and grounds | $350.00 |
| 11. Equipment of old buildings and grounds | $4,000.00 |

Total.........................................$17,350.00

Dated this......day of................., 192..

FRANK A. ZEIGLER,
Clerk School District No. 44, Grays Harbor County.

This certificate was made pursuant to § 4537, Rem. Code[1] (P. C. § 5038), which provides that the school directors shall annually, at a meeting preceding the annual tax levy for state and county purposes, "report to the board of county commissioners an estimate in detail of the amount of funds which will be required by

[1]NOTE: See Rem. Comp. Stat., § 4834.

their district for all purposes for the ensuing year'', which the commissioners are authorized and required to levy and collect, after deducting the estimated receipts from the state and county apportionments for the district. Thereafter, by an order of the county superintendent of schools, entered on September 9, 1920, a part of the district was set off and made to constitute a separate school district, No. 78. On September 27, 1920, pursuant to what may be assumed was a proper posting of notices, district No. 44 held a special election to vote on ''a special ten mill levy for building purposes.'' The vote was thirty-two for and sixteen against the project. Thereupon district No. 44, by its clerk, certified to the board of county commissioners as follows:

''I, Frank A. Zeigler, clerk of School District No. 44 Grays Harbor county, Washington, do hereby certify that at a special election, duly held in said school district, on the 27 day of Sept., 1920, the following amount of money, special 10 mill tax, was voted by the duly qualified electors of said school district, for school purposes in said school district during the present school year.

''You are hereby authorized to levy a sufficient rate on the taxable property of said school district to produce the amount voted in the excess of the estimate made by the board of directors now on file in your office.

''Dated this 27 day of September, 1920.

''Frank A. Zeigler, Clerk.

''School District No. 44, Chehalis County, Wash.

''Note: This notice must be filed with the clerk of the board of county commissioners on or before the first day of September.''

The county superintendent of schools, under date of October 7, 1920, certified to the county commissioners a demand for a non high school levy of $996 against district No. 44.

Thereupon, at the session in October, 1920, the session for making the levy for state and county purposes, the board of county commissioners, pursuant to the above mentioned reports, estimates, certificates and demands, levied against the taxable property in district No. 44 the following amounts: "Estimate of expenses $17,350," the amount specified in the annual detailed estimate certified about September 1; "estimate of receipts $1,604", consisting of $802 from each the state and county apportionment; "net amount tax $15,746; non high school tax $996." It was further provided by the order of the county commissioners in making the levy, as follows:

"And whereas, certain school districts have, in addition to the estimate of expenses above set out, voted special taxes by special election, as shown by the certificate of the clerks of said districts, on file with the clerk of this board, as follows: Dist. No. 44, Amount 19,928.00. It is therefore ordered that the county assessor extend against the taxable property of the above school districts, a sufficient number of mills levy to produce the required amounts."

It is contended by the appellant that there was no authority by which the county commissioners could make the ten mill levy. We think the contention is sound. The certificate of the school district (pertaining as it did to the so-called special election on September 27) was not to the effect that the ten mill tax was to be devoted to building purposes, but only for "school purposes". The statute, § 4537, Rem. Code (P. C. § 5038), provides that the certificate of the school directors shall contain an estimate in detail of the amount of funds needed for all purposes for the year, and limits the levy to be made by the county commissioners at not to exceed one per cent of the assessed value of all the taxable property of the district, with

the understanding that, if a greater expenditure is necessary, the question shall be submitted to the voters at a special election, which additional tax shall not exceed one per cent. But certainly there is nothing in the statute to suggest or justify the claim that, in reporting and certifying the levy attempted to be authorized by the special election, it was in any manner exempt from the provisions of the law that it contain an "estimate in detail" of what the amount is needed for. If it was for building purposes it should have been so certified by the school district. Here the report was simply for "school purposes", without any detail. The printed form that was used in making the annual report on or about September 1 provided a space under the item "new buildings" in which to insert the amount needed for that purpose, in addition to items "equipment of new buildings and grounds" and "equipment of old buildings and grounds", each of which was filled in in the annual report to the county commissioners, thus showing the necessity of certifying that it was for new buildings, if such was the real purpose, rather than certifying it was for simply school purposes. As the special election results were certified, and as the levy was made thereon by the county commissioners "for school purposes", the directors of the district would be at liberty to expend the money for any purpose within their general powers, exclusive of new buildings, unless prevented by the interposition of the courts.

Another contention made by the appellant is that the special election to vote on the ten mill tax was void. Section 4538, Rem. Code[1] (P. C. § 5039), provides that the board of directors of school districts of the

[1]NOTE: See Rem. Comp. Stat., § 4835.

third class shall build school houses when directed by vote of the district to do so. In this case it is not pretended that, prior to this time, there had ever been any formal election or gathering called of the patrons or electors of the district to consider the necessity for, plan or place of constructing any new building or other improvement. The notice of the special election contained no such information. It was an election simply to vote money to the limit, pretending it was for building purposes. It is not the policy of the law to permit the levy of a tax simply for the purpose of spending it, but rather it is the policy of the law to provide for necessary buildings and improvements and to pay for them by the levy of a tax according to the law. Further, it is the policy of the law that those who are to be served and who must do the paying shall determine or be advised with a reasonable degree of certainty of the kind of improvement intended, together with its approximate cost, that they may intelligently direct by a popular vote. Here no building or improvement was specified, nor approximate amount mentioned as its cost. It is entirely reasonable that one would be willing to vote a ten mill levy if necessary to raise sufficient amount to pay for a needed improvement, but opposed to even a five mill levy to meet the cost of a building or buildings beyond the reasonable requirements of the district. The controlling feature of the statute is the reasonable necessities of the district, and not the possible limit of taxation. It is peculiar in this case that the amount called for was not specific but was put upon the millage basis. It would produce an amount not known to the voter, except upon hearsay or a somewhat intricate examination of public records as to the equalized value of the property in the district, recently reduced in area by an order of the county superintendent of schools. The

school district was outside of any incorporated town or city and apparently had a small attendance. The testimony shows that a school building had been recently built in the district at a cost, with equipment, of $20,000, and was considered and known to be elaborately equipped.

Immediately upon filing their annual report containing estimates, among others, of $350 for equipment of new buildings and grounds, and $4,000, equipment of old buildings and grounds the directors instituted proceedings to procure by a vote of the people, $19,928 more for building, and didn't know themselves at that time what they did intend to build, and consequently could not, and did not, attempt to give the taxpayers any information on that subject. One of the school directors, answering his own counsel's questions, upon referring to the contents of the notice of the special election, testified as follows:

"Q. And how did you want them put up. A. We wanted them to be put up and wanted them to designate that this ten mills was to be used for building purposes instead of designating some special subject which would hold and bind us to that one subject; in case we had money left over from this one project we wanted to build a teachers' cottage but if we didn't have enough left over— Q. What was the project. A. That was the auditorium for the children. Q. A gymnasium. A. Yes, a gymnasium and play ground."

And that is the kind of notices that were put up. Certainly, if the district needs and desires a new building, a gymnasium or additional playground, it can procure it or all of them, if within its means, by following the requirements of the statutes.

Covert intentions of the trustees of public funds find no favor in the rules for the construction of statutes designed to produce or dispose of such funds. A grant of power to levy taxes must be strictly con-

strued and the methods prescribed by the legislature substantially followed. A failure to substantially comply with statutory requirements .is not a mere irregularity, at least unless it is so declared by statute, but is a fatal omission which vitiates the tax.

We conclude the special election for a ten mill tax, and the following levy by the county commissioners attempting to carry it into execution, are void, and that the appellant is entitled to the relief demanded in his complaint.

Reversed, with directions to the superior court to enter judgment accordingly.

PARKER, C. J., BRIDGES, and TOLMAN, JJ., concur.

FULLERTON, J. (concurring)—I concur in the judgment ordered, for the second reason stated in the foregoing opinion.